**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  98-CR-0078-CVE |
| | ) | 10-CV-0822-CVE-FHM |
| CHRISTOPHER MOORE, JR. | ) | |
| | ) | |
| Defendant. | ) | |

<u>OPINION AND ORDER</u>

Now before the Court is Defendant's Motion and Brief Purusant [sic] to *28 U.S.C. § 2255* to Vacate, Set Aside And Or Correct Sentence With Declaration in Support, *28 U.S.C. § 1746* (Dkt. # 56).  Defendant Christopher Moore challenges his sentence based on a recent change in law, alleged insufficiencies in the indictment and jury instructions, and alleged errors by the trial court in calculating and stating his sentence.

On May 7, 1998, Moore was charged in an eight-count indictment with one count of bank robbery, in violation of 18 U.S.C. § 2113, four counts of use of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c), and three counts of carjacking, in violation of 18 U.S.C. § 2119. Dkt. # 42, at 2.  He was convicted on all counts and sentenced to 950 months imprisonment.  His sentence was upheld on appeal by the Tenth Circuit Court of Appeals, Dkt. # 25, and Moore's petition for writ of certiorari was denied by the Supreme Court.  Dkt. # 27.  Following the denial of his appeal, Moore filed a 28 U.S.C. § 2255 motion for relief on the ground that his sentence was imposed in violation of the Constitution and laws of the United States.  Dkt. # 28.  Specifically, he claimed that the trial court lacked subject matter jurisdiction as the result of a change of law regarding the Commerce Clause, that sentencing enhancements never presented to the jury must be

vacated, and that he had been denied effective representation as to both the sentencing enhancements and during trial proceedings. Id. at 5-6. On May 14, 2004, Judge Sven Erik Holmes[1] issued an order and judgment denying the § 2255 motion. Dkt. # 42. Defendant's motion for a certificate of appealability (COA) (Dkt. # 43) was similarly denied, and Judge Holmes converted the motion instead to a notice of appeal. Dkt. # 44. The Tenth Circuit affirmed the denial of the COA and dismissed Moore's appeal. Dkt. # 52-1. On December 27, 2010, defendant filed the motion for relief under § 2255 now before the Court. Dkt. # 56.

Under 28 U.S.C. § 2255, a prisoner in custody may move the court which imposed his sentence to vacate, set aside, or correct the sentence where the prisoner alleges that the sentence is invalid based on one of several specified grounds. After a prisoner files one motion under § 2255, a "second or successive motion" will be allowed only if "certified . . . by a panel of the appropriate court of appeals to contain – (1) newly discovered evidence . . .; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). Defendant acknowledges that he has previously filed a § 2255 motion, but does not characterize the current motion as a second or successive motion for § 2255

---

[1]     The case was reassigned to the undersigned on August 30, 2005, following Judge Holmes's resignation. Dkt. # 51.

relief or provide any justification for why such a motion should be allowed.[2]  However, it is clear that this motion is one for relief under § 2255, as it "asserts or reasserts a federal basis for relief from [Moore's] underlying conviction or sentence."  See, e.g.,  United States v. Pedraza, 466 F.3d 932, 933-34 (10th Cir. 2006)(deciding that defendant's motion to reconsider denial of § 2255 relief had to be treated as a second or successive motion under § 2255 because defendant alleged a federal basis for relief from his conviction rather than a procedural defect in the federal habeas process).  Thus, this is a second or successive petition for relief under § 2255 by Moore.  There is no indication that he either sought or obtained the required authorization from the Tenth Circuit Court of Appeals.

The Tenth Circuit has determined that "[w]hen a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction."  In re Cline, 531 F.3d 1249,

---

[2]    Moore requests that "in the event that this court either mis or re-characterizes this motion . . . that it (1) notify litigant of its intended recharacterization and its consequences and; (2) provide petitioner with and opportunity to withdraw or amend the motion."  Dkt. # 56, at 2.  In support, he cites Castro v. United States, 540 U.S. 375, 382 (2003).  Castro states that a district court may not recharacterize a pro se litigant's filing as a first § 2255 motion without"notify[ing] the pro se litigant that it intends to recharacterize the pleading, warn[ing] the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provid[ing] the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has."  Id. at 383.  Castro was intended to give a pro se litigant warning of the heightened bar that attaches after a first § 2255 motion is filed.  Because only a first § 2255 motion has procedural implications, however, Castro does not apply where a defendant has already filed an initial petition for relief under § 2255.  See, e.g., United States v. McDonald, 326 F. App'x 880, 882 (6th Cir. 2009)(unpublished)(finding concerns about recharacterizing a motion as a petition for relief under § 2255 not present where the petitioner's "motion would not be his first § 2255 motion and he would already be required to seek permission . . . to file a successive petition").  Therefore, Castro does not require that notice be given before characterizing Moore's petition as a second or successive § 2255 petition.

1252 (10th Cir. 2008).  Citing Trujillo v. Williams, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006), the

Tenth Circuit stated that "[f]actors considered in deciding whether a transfer is in the interest of

justice include whether the claims would be time barred if filed anew in the proper forum, whether

the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on

the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction."

Cline, 531 F.3d at 1251.  "Where there is no risk that a meritorious successive claim will be lost

absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the

interest of justice to transfer the matter to this court for authorization."  Id. at 1252 (citing Phillips

v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999)(noting that it is a waste of judicial resources to require

the transfer of frivolous, time-barred cases)).

Construing Moore's pro se pleadings broadly, he challenges his sentence based on: (1) a

change in law that would require the trial judge to submit his second or subsequent convictions to

the jury; (2) the failure to name the particular type of firearm used in the indictment and instructions

to the jury; (3) the trial court's alleged errors in calculating his sentence; and (4) an alleged conflict

between oral and written pronouncements of his sentence.

Moore's first argument is based on the Supreme Court's recent decision in United States v.

O'Brien, 130 S. Ct. 2169 (2010).  O'Brien addressed whether a particular statutory provision should

be interpreted as stating an element of the offense or a sentencing factor.  The holding was based

solely on the Supreme Court's interpretation of statutory language, and there appears to be no

rational argument that O'Brien propounded a "new rule of constitutional law" required to justify a

second or successive § 2255 motion.  See, e.g., United States v. Williams, 363 F. App'x 576, 578

4

(10th Cir. 2010)(unpublished)[3](distinguishing Supreme Court case decided on statutory grounds from one establishing a new rule of constitutional law).  Therefore, Moore's reliance on O'Brien is insufficient to support a second or successive § 2255 petition.

Moreover, even if O'Brien could provide the basis for a second or successive § 2255 petition, Moore's argument for extension of that case's reasoning to his own case is unavailing.  In O'Brien, the Supreme Court considered 18 U.S.C. § 924(c)(1)(B)(ii), which addresses where a firearm possessed by a person convicted of a violation of § 924(c) is a machinegun.  The O'Brien Court found that, under that provision, the fact that the firearm is a machinegun is an element of the offense, not a sentencing factor.  130 S. Ct. at 2181.  Moore argues that the O'Brien Court's reasoning ought to be extended to § 924(c)(1)(C), which applies "[i]n the case of a second or subsequent conviction" under § 924(c).[4]  Essentially, Moore would have the Court read O'Brien to mean that all of § 924(c) establishes elements of offenses, rather than sentencing factors.  However, § 924(c)(1)(C) addresses recidivism, a category long treated distinctly by courts.  See, e.g., Apprendi v. New Jersey, 530 U.S. 466, 489 (2000)(noting that "the fact of a prior conviction" need not be submitted to a jury); Almendarez-Torres v. United States, 523 U.S. 224,  243 (1998)(relying on the distinct nature of recidivism in support of its holding that it need not be treated as an element of the offense).  The principles underlying those cases apply to § 924(c)(1)(C), and O'Brien does not dictate a different outcome.  See, e.g., United States v. Johnson, No. 08-40162, 2010 WL 4269205, at * 4 (5th Cir. Oct. 27, 2010)(considering § 924(c)(1)(C) in light of O'Brien and finding that §

---

[3]     Unpublished decisions are not precedential, but may be cited for their persuasive value.  See Fed. R. App. 32.1; 10th Cir. R. 32.1.

[4]     Moore argues that his rights were violated because the fact of his second or subsequent conviction was not submitted to the jury at trial.  Dkt. # 56, at 8-11.

924(c)(1)(C) "is a sentencing enhancement[,] not an element of the offense").  Moore's argument based on O'Brien would be unpersuasive even if that case established a new rule of constitutional law, and does not provide a proper ground for a second or successive § 2255 petition.

Neither do Moore's other arguments provide a basis for a second or successive § 2255 motion based on changes in case law[5] or newly discovered evidence.[6]  The Court finds that defendant's motion should be dismissed for lack of jurisdiction, because the motion is a second or successive § 2255 motion and the interests of justice do not require this Court to transfer defendant's motion to the Tenth Circuit.  Moore does not assert any claim that meets the requirements of § 2255(h) for filing a second or successive § 2255 motion, and there is no possibility that a meritorious claim will be lost absent transfer of defendant's motion to the Tenth Circuit.

---

[5]     Moore's second argument is based on sentencing enhancements he received for having carried or used a firearm during commission of his crimes.  He argues that the failure to include in the indictment and jury instructions the kind of firearm possessed was a violation of his rights as interpreted by O'Brien and Castillo v. United States, 530 U.S. 120 (2000), which deemed such information to be an element of the crime.  However, neither O'Brien nor Castillo established a new rule of constitutional law, and Castillo, decided in 2000, was not previously unavailable.  Finally, both O'Brien and Castillo addressed § 924(c)(1)(B), while Moore's enhancements were based on § 924(c)(1)(A). While § 924(c)(1)(B) contains a list of weapon-specific enhancements, § 924(c)(1)(A) applies more generally to one who uses, carries, or possesses "a firearm."  Thus, the rule that the type of firearm in question is an element of the crime under § 924(c)(1)(B) is inapplicable to § 924(c)(1)(A).  For many reasons, Moore's second argument must fail, and Moore's arguments that counts four, six, and eight of his indictment must be dismissed for lack of a finding as to a specific firearm are similarly meritless.

[6]     Moore's other arguments are based on alleged errors in sentencing and conflicts between an oral and written pronouncement.  Dkt. # 56, at 17-25.  There is no indication that evidence as to either of these arguments is newly discovered, and neither supports a second or successive § 2255 petition.

**IT IS THEREFORE ORDERED** that Defendant's Motion and Brief Purusant [sic] to *28 U.S.C. § 2255* to Vacate, Set Aside And Or Correct Sentence With Declaration in Support, *28 U.S.C. § 1746* (Dkt. # 56) is **dismissed for lack of subject matter jurisdiction as a second or successive § 2255 motion**.

**DATED** this 4th day of January, 2011.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT