# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 98-CR-0078-CVE |
| | ) | 11-CV-0020-CVE-FHM |
| CHRISTOPHER MOORE, JR., | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Now before the Court is defendant's Motion for Reconsideration Pursuant to Fed. R. Civ. P. 59(e) with Memorandum of Law in Support (Dkt. # 67).[1] Defendant Christopher Moore, Jr. asks the Court to reconsider its opinion and order (Dkt. # 59) dismissing for lack of subject matter jurisdiction his motion for relief under 28 U.S.C. § 2255 filed December 27, 2010. Construing Moore's pro se pleadings broadly, he argues: 1) that his motion should not have been interpreted as a second or successive § 2255 motion under the Supreme Court's recent opinion in Magwood v. Patterson, 130 S.Ct. 2788 (2010); 2) that the motion should have been treated as a motion for habeas relief under the savings clause of § 2255(e); and 3) that his claims are properly considered under the savings clause because United States v. O'Brien, 130 S. Ct. 2169 (2010)[2], constitutes a retroactively applicable decision of the Supreme Court that changed the proper interpretation of 18 U.S.C. 924(c).

---

[1]  The motion is accompanied by a separate memorandum of law in support (Dkt. # 68).

[2]  Defendant's prior motion relied heavily on O'Brien, and a discussion of the case is contained in the Court's opinion and order dated January 4, 2011. Dkt. # 59, at 4-6.

Dkt. # 68, at 3. Moore's motion to reconsider was filed thirty-four days after entry of the order and judgment that he now contests.[3]

The Tenth Circuit Court of Appeals has held that a motion to reconsider the denial of a § 2255 motion must be treated as a request to file a second or successive motion under § 2255 if the motion "in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction [or sentence]." United States v. Pedraza, 466 F.3d 932, 933-34 (10th Cir. 2006). However, a court may consider a "true" motion for relief from judgment under Fed. R. Civ. P. 59(e) without construing the motion as a second or successive § 2255 motion. See Gonzalez v. Crosby, 545 U.S. 524, 528-32 (2005); Pedraza, 466 F.3d at 933-34. To avoid classification as a second or successive § 2255 motion, a motion must challenge "some defect in the integrity of the federal habeas process" rather than the "substance of the federal court's resolution of a claim on the merits." Gonzalez, 545 U.S. at 532. The Tenth Circuit does not distinguish between a Rule 59(e) motion to alter or amend judgment and a Rule 60(b) motion seeking relief from judgment when considering whether a motion should be treated as a true motion for relief from judgment or as a second or successive § 2255 motion. See Pedraza, 466 F.3d at 933. Where part of a motion is

---

[3]  Moore states that his motion is for reconsideration of the Court's order and judgment entered January 10, 2011. Dkt. # 67, at 1. However, the order and judgment denying Moore's motion as a second or successive § 2255 motion was entered January 4, 2011. Dkt. # 59. Following entry of judgment on January 4, 2011, the Court received another § 2255 petition. Dkt. # 63. The Court was not able to determine whether the second motion was intended to accompany defendant's prior § 2255 motion, or whether it was intended as a new motion under § 2255. Dkt. # 65. However, it found that in either case, the motion should be dismissed for the reasons stated in the Court's opinion and order of January 4, 2011. Dkt. # 65. Moore's motion was filed within the twenty-eight day period required under Rule 59(e) following entry of judgment on January 10, 2011, and his pro se status dictates a more lenient timeliness determination. Therefore, his motion will be deemed timely filed for purposes of Rule 59(e).

properly considered a "true" motion for relief under Rule 59(e) and another part is more properly construed as a second or successive § 2255 motion, each part must be considered independently. See Spitznas v. Boone, 464 F.3d 1213, 1217 (10th Cir. 2006).

Moore's argument has three parts. First, he states that the Court's decision to construe his prior motion as a second or successive § 2255 motion was improper under Magwood v. Patterson, 130 S.Ct. 2788 (2010). Dkt. # 68, at 1. He also argues that his motion should not have been construed as a second or successive § 2255 motion, but instead as a motion for relief under 28 U.S.C. § 2241 pursuant to the savings clause of § 2255. Id. at 2-3. Finally, he argues that his claims meet the standard for application of the savings clause. Id. at 3-4. The first two arguments, which seek recharacterization of his prior motion, are properly part of a "true" Rule 59(e) motion, and will be considered as such. See Pedraza, 466 F.3d at 934 (holding that portion of defendant's Rule 59(e) motion that sought recharacterization of a prior motion was not a motion for relief under § 2255). His third argument, that the savings clause of § 2255 would have offered relief when applied to his case, presents "substantive argument reasserting a federal basis for relief from his underlying conviction," and will therefore be considered as a second or successive § 2255 motion.

The Federal Rules of Civil Procedure do not recognize a "motion to reconsider." Miller v. State of Kan. Highway Patrol, 383 F. App'x 813, 814 (10th Cir. 2010)(unpublished)[4](quoting Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991)). Instead, the rules allow a litigant subject to an adverse judgment to filed a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e). Id. "A Rule 59(e) motion to alter or amend the judgment should be granted only to

---

[4] Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. 32.1; 10th Cir. R. 32.1.

correct manifest errors of law or to present newly discovered evidence." Miller, 383 F. App'x at 815 (quoting Phelps v. Hamilton, 122 F.3d 1309, 1324 (10th Cir. 1997)). Moore argues that the Court's judgment on his prior motion for relief under § 2255 should be altered or amended because Magwood dictates a different determination on whether his motion was second or successive, and because his motion was more properly considered one for habeas relief under the savings clause of § 2255.

Regarding his first argument, Moore is incorrect that Magwood "may call into question the decision entered" by the Court. Dkt. # 68, at 1. In Magwood, the Supreme Court considered when a habeas application is "second or successive" for purposes of 28 U.S.C. § 2244(b). The Magwood Court held that the "second or successive" designation is measured for each separate judgment in a case. 130 S.Ct. at 2797. Therefore, where the plaintiff filed a habeas application based on one judgment and was later resentenced, his second habeas application was not "second or successive" for purposes of the statute because it was the first application with regard to the current judgment. Id. at 2797-2803. Magwood contains no language extending its reasoning to the use of "second or successive" in § 2255. Moreover, even if it were so extended, Moore's petitions for relief have all related to the same judgment. Therefore, Magwood is inapplicable, and the Court's failure to consider Moore's petition in light of that case was not a manifest error of law.

Nor was there manifest error in the Court's failure to consider Moore's motion as one for habeas relief pursuant to the savings clause of § 2255. Section 2255(e), also known as the "savings clause," states that:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which

4

> sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

Thus, an "inadequacy or inefficacy" of the remedy provided by § 2255 will "permit a federal prisoner to file a writ of habeas corpus." Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir. 2001). However, "restrictions on filing successive § 2255 motions do not render the § 2255 remedy inadequate or ineffective . . . [n]or do the denials of relief in . . . previous § 2255 proceedings indicate the inadequacy or ineffectiveness of this remedy." Harper v. Pratt, 71 F. App'x 26, 28 (10th Cir. 2003)(unpublished)[5]. Instead, "recourse to the § 2241 remedy will be unavailing unless accompanied by a clear showing of actual innocence." United States v. Apodaca, 90 F. App'x 300, 304 n.10 (10th Cir. 2004)(unpublished)[6]. The Fifth Circuit has characterized the "core idea" of the actual innocence test as addressing those cases where "the petitioner may have been imprisoned for conduct that was not prohibited by law." Reyes-Requena, 243 F.3d at 903. It has explained further:

> Such a situation would likely surface in a case that relies on a Supreme Court decision interpreting the reach of a federal statute due to the following rationale: Section 2255 is the primary method by which a federal prisoner may collaterally attack a conviction or sentence. . . . And, as [the provision of § 2255 providing for second or successive motions] speaks only to intervening Supreme Court decisions based on constitutional grounds, the provision does not provide any avenue through which a petitioner could rely on an intervening Court decision based on the substantive reach of a federal statute.

---

[5] Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. 32.1; 10th Cir. R. 32.1.

[6] Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. 32.1; 10th Cir. R. 32.1.

Id. Moore's argument appears to be that an intervening Supreme Court decision invalidated his sentence,[7] and that, therefore, his motion should have been construed as one for habeas relief. However, nowhere in Moore's motion did he assert the inadequacy or ineffectiveness of the § 2255 remedy, a showing on which he bears the burden. Id. at 901. The Court does not find that it was a manifest error of law not to consider his motion as one for habeas relief. Moreover, for reasons stated below, his motion would have failed on the merits even if considered under the savings clause. Because Moore has demonstrated no manifest errors of law or newly discovered evidence with regard to the characterization of his prior motion, his Rule 59(e) motion to alter or amend the judgment is denied.

Moore's claim regarding his entitlement to relief under the savings clause of § 2255 is a substantive argument asserting a federal right to relief, and must therefore be considered as another second or successive motion under § 2255. Moore did not seek permission from the Tenth Circuit to file the second or successive motion. As noted in the Court's opinion and order of January 4, 2011, when a second or successive § 2255 claim is filed without the required authorization from the appellate court, the district court may transfer the matter to the appellate court if in the interest of justice to do so, or it may dismiss the motion for lack of jurisdiction. Dkt. # 59, at 3-4. The factors considered in deciding whether a transfer is in the interest of justice include whether the claims alleged are likely to have merit. Id. "Where there is no risk that a meritorious successive claim will be lost absent . . . transfer, a district court does not abuse its discretion if it concludes it is not in the

---

[7] Moore claims that he is not "making a challenge to his conviction, but rather his sentence in that it did not comport with the recent interpretation of 18 U.S.C. § 924(c)." Dkt. # 68, at 3. He claims that his sentence is invalid because the sentencing judge should have been required to present his prior conviction to the jury before allowing that factor to increase his sentence.

interest of justice to transfer the matter to this court for authorization." In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008).

Moore's argument that he is entitled to relief under the savings clause of § 2255 is that O'Brien, which is retroactively applicable to his case, created a change in law regarding 18 U.S.C. § 924(c), and that his sentence does not comport with the most recent interpretation of that provision. Assuming for purposes of this opinion that O'Brien would be found retroactively applicable to Moore's case, his argument still fails. As discussed in the Court's January 4, 2011 opinion and order, O'Brien decided that under 18 U.S.C. § 924(c)(1)(B)(ii), which addresses the situation where a firearm possessed by a person convicted of a violation of § 924(c) is a machinegun, the fact that the firearm is a machinegun is an element of the offense, not a sentencing factor.[8] Moore was convicted under § 924(c)(1)(C), which applies "[i]n the case of a second or subsequent conviction" under § 924(c). O'Brien is inapplicable to that provision. Therefore, Moore has offered no basis for any claim of actual innocence in light of intervening Supreme Court precedent, nor has he shown in any other way that the remedy available under § 2255 was inadequate or ineffective. He has not asserted any other claim that meets the requirements of § 2255(h) for filing a second or successive § 2255 motion, and there is no possibility that a meritorious claim will be lost absent transfer of defendant's motion to the Tenth Circuit.

---

[8] Moore was not charged with possession of a machinegun. See Dkt. # 5.

**IT IS THEREFORE ORDERED** that defendant's Motion for Reconsideration Pursuant to Fed. R. Civ. P. 59(e) with Memorandum of Law in Support (Dkt. # 67) is **denied** in part and **dismissed for lack of subject matter jurisdiction as a second or successive § 2255 motion** in part. It is denied as to Moore's claims that his prior motion should not have been construed as a second or successive § 2255 motion; it is dismissed for lack of subject matter jurisdiction as to his claim that he was entitled to relief under the savings clause of § 2255.

**DATED** this 14th day of February, 2011.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT