# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 98-CR-0078-CVE |
| | ) | (14-CV-0386-CVE-TLW) |
| CHRISTOPHER MOORE, JR., | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Now before the Court are defendant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Dkt. # 79) and Affidavit (Dkt. # 80).[1] Defendant argues that he received ineffective assistance of appellate counsel, and he asks the Court to reopen his appeal to allow him to raise arguments allegedly omitted by his appellate counsel. Dkt. # 80.

On May 7, 1998, defendant was charged in an eight-count indictment with one count of bank robbery in violation of 18 U.S.C. § 2113, four counts of using a firearm during a crime of violence in violation of 18 U.S.C. § 924(c), and three counts of carjacking in violation of 18 U.S.C. § 2119. He exercised his right to a jury trial and he was convicted on all counts. The Honorable Sven Erik Holmes sentenced defendant to a total term of imprisonment of 950 months. Dkt. # 18. His sentence was upheld on appeal by the Tenth Circuit Court of Appeals, and defendant's petition for writ of certiorari was denied by the Supreme Court. Dkt. ## 25, 27. Following the denial of his appeal, Moore filed a § 2255 motion asserting that the Court lacked subject matter jurisdiction, that any sentencing enhancements should have been submitted to the jury, and that he received

---

[1] Defendant's § 2255 motion is simply a partially-completed form, and his arguments are contained in the separately filed affidavit (Dkt. # 80).

ineffective assistance of counsel. Dkt. # 28. On May 14, 2004, Judge Holmes entered an order denying the § 2255 motion. Dkt. # 42. Defendant filed a motion for a certificate of appealability (COA), but Judge Holmes denied defendant's motion. Dkt. ## 43, 44. The Tenth Circuit affirmed the denial of the COA and dismissed defendant's appeal. Dkt. # 52-1. Defendant filed a second § 2255 motion (Dkt. # 56) challenging his sentence in light of the Supreme Court's decision in United States v. O'Brien, 560 U.S. 218 (2010). The case was randomly reassigned to the undersigned. The Court dismissed defendant's motion (Dkt. # 56) for lack of jurisdiction, because it was a second or successive § 2255 motion. Dkt. # 59. Defendant filed another § 2255 motion but he refused to disclose the basis for his claims "unless [he was] before the sentencing court." Dkt. # 63, at 4. The Court dismissed defendant's motion (Dkt. # 63) for lack of jurisdiction. Dkt. # 66. Defendant filed a motion to reconsider (Dkt. # 67) the dismissal of his second or successive § 2255 motions, and the motion to reconsider was denied in part and dismissed in part. Dkt. # 69. Defendant sought a COA as the dismissal of his third § 2255 motion, but the Tenth Circuit denied his request and dismissed his appeal. Dkt. # 77.

Defendant has filed another § 2255 motion and he now alleges that he received ineffective assistance of appellate counsel. Dkt. # 80. However, defendant has already filed an initial § 2255 motion, and his motion was denied. Dkt. ## 28, 42. He has also filed numerous motions that have been construed as second or successive § 2255 motions (Dkt. ## 56, 63, 67), and defendant's motions have been dismissed for lack of jurisdiction. Defendant's current motion (Dkt. # 80) also challenges the validity of his convictions and sentence, and the motion should be treated as a second or successive § 2255 motion. A second or successive motion under § 2255 will only be permitted in two situations:

2

> (1) newly discovered evidence that, if proven, and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). In order for a federal prisoner to proceed under § 2255(h)(2), the Supreme Court must explicitly hold that a new rule applies to cases on collateral review. Bey v. United States, 399 F.3d 1266 (10th Cir. 2005). This Court lacks jurisdiction to consider a second or successive § 2255 motion, because defendant must request permission from the Tenth Circuit to file a second or successive § 2255 motion. See 28 U.S.C. § 2255(h); United States v. Nelson, 465 F.3d 1145, 1148 (10th Cir. 2006); United States v. Torres, 282 F.3d 1241, 1246 (10th Cir. 2002).

The Tenth Circuit has determined that "[w]hen a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction." In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008). Citing Trujillo v. Williams, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006), the Tenth Circuit stated that "[f]actors considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." Cline, 531 F.3d at 1251. "Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter to this court for authorization." Id. at 1252 (citing Phillips

v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999) (noting that it is a waste of judicial resources to require the transfer of frivolous, time-barred cases)).

Defendant alleges that he received ineffective assistance of appellate counsel because his appellate counsel failed to raise certain arguments on direct appeal. Dkt. # 80, at 2-3. However, he makes no attempt to argue that he would be authorized to raise these arguments in a second or successive § 2255 motion. The Court has reviewed defendant's motion (Dkt. # 79) and affidavit (Dkt. # 80) and finds no basis upon which defendant would be permitted to proceed with a second or successive § 2255 motion, and defendant's motion (Dkt. ## 79, 80) should be dismissed for lack of jurisdiction.

**IT IS THEREFORE ORDERED** that defendant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Dkt. ## 79, 80) is **dismissed for lack of jurisdiction**. A separate judgment of dismissal is entered herewith.

**DATED** this 4th day of August, 2014.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE