# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) Case No. 98-CR-0078-CVE |
|  | ) (Civil No. 19-CV-0722-CVE-CDL) |
| CHRISTOPHER MOORE, JR., | ) |
| Defendant. | ) |

## OPINION AND ORDER

Now before the Court is defendant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Dkt. # 101), and plaintiff's motion to dismiss defendant's successive § 2255 motion (Dkt. # 104). Defendant Christopher Moore, Jr. has been granted authorization by the Tenth Circuit Court of Appeals to proceed with a second or successive § 2255 motion challenging his convictions under 18 U.S.C. § 924(c) in light of the Supreme Court's decision in United States v. Davis, 139 S. Ct. 2319 (2019). Dkt. # 100. Defendant asks the Court to appoint counsel to assist him with his successive § 2255 motion. Dkt. # 106, at 22-23. Defendant's successive § 2255 motion is fully briefed and he has clearly articulated the factual and legal issues that he believes support his request to vacate his § 924(c) convictions, and the Court finds that it would not be necessary or helpful to appoint counsel to represent defendant in this matter.

On May 7, 1998, a grand jury returned an indictment charging defendant with armed bank robbery (count one), three counts of carjacking (counts three, five, and seven), and four counts of using or carrying a firearm during and in relation to a crime of violence (counts two, four, six, and eight). Defendant exercised his right to a jury trial and was convicted on all counts. The Honorable

Sven Erik Holmes sentenced defendant to a total of 950 months imprisonment. Defendant received a sentence of 170 months as to each of counts one, three, five, and seven, and the sentences were ordered to run concurrently with each other. Dkt. # 18, at 2. Defendant was sentenced to 60 months as to counts two and 240 months as to each of counts four, six, and eight, and these sentences were ordered to run consecutively to each other and to the 170 month sentence for counts one, three, five, and seven. Defendant filed a direct appeal challenging his convictions as to counts three, four, seven, and eight, and defendant's convictions were affirmed on appeal. Dkt. # 25. Defendant filed a motion to vacate, set aside, or correct sentence under § 2255 (Dkt. # 28), and Judge Holmes denied defendant's § 2255 motion. Dkt. ## 41, 42. Defendant has filed other motions for post-conviction relief (Dkt. ## 56, 67, 79), and the motions have been dismissed for lack of subject matter jurisdiction.

Defendant sought leave from the Tenth Circuit Court of Appeals to proceed with a second or successive § 2255 motion in light of Johnson v. United States, 576 U.S. 591 (2015), and the Tenth Circuit abated defendant's request. In September 2019, the Tenth Circuit directed defendant to supplement his motion to address the implications of the Supreme Court's decision in Davis. Dkt. # 100, at 1. The Tenth Circuit lifted the abatement of defendant's original request for authorization to proceed with a second or successive § 2255 motion, and he received authorization to proceed with a second or successive § 2255 motion challenging his § 924(c) convictions and sentence under Davis. Dkt. # 97. However, the Tenth Circuit did not transfer defendant's motion to this Court and defendant did not file a second or successive § 2255 motion in this Court. On March 15, 2021, the Tenth Circuit entered an order directing the Clerk of the Tenth Circuit to forward defendant's

proposed second or successive § 2255 motion to this Court, and the motion (Dkt. # 101) was deemed filed in this Court on November 8, 2019.

In order for the Court to issue a decision on the merits of defendant's motion, the Court must determine if defendant is actually relying on a new rule of constitutional law as required by § 2255(h). There are two "procedural gates" that a person seeking relief under § 2255(h) must satisfy:

> (1) a prima facie showing to the court of appeals that the motion satisfies the requirements of § 2255(h), defined as "a sufficient showing of possible merit to warrant a fuller exploration by the district court" and
>
> (2) a determination by the district court that the petition does, in fact, satisfy those requirements.

United States v. Pullen, 913 F.3d 1270, 1276 (10th Cir. 2019). Defendant has satisfied the first procedural gate by obtaining authorization from the Tenth Circuit to proceed with a second or successive § 2255 motion, and this Court must determine whether defendant's § 2255 motion actually relies on a new rule of constitutional law made retroactive to cases on collateral review. In the context of reviewing the validity of a § 924(c) conviction, a district court must review the record to determine if there is any mention of the residual clause in the presentence investigation report (PSR) or sentencing pleadings, and the district court must determine whether it would have been necessary to rely on the residual clause to sustain the conviction. United States v. Copeland, 921 F.3d 1233, 1242 (10th Cir. 2019). The Court has reviewed the PSR and the sentencing pleadings, and there is no mention of the residual clause. The Court will consider whether it would have been necessary to rely on the residual clause to sustain defendant's § 924(c) convictions.

Defendant argues that his § 924(c) convictions should be vacated in light of Davis, because the predicate offenses for these convictions could qualify as a crime of violence only under the

residual clause of § 924(c)(3)(A). In Johnson, the Supreme Court considered whether the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e) (ACCA), was unconstitutionally vague. Johnson, 135 S. Ct. at 2556. The ACCA provided that a "violent felony" was:

> any crime punishable by imprisonment for a term exceeding one year . . . that
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves the use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*.

Id. at 2555 (emphasis in original). The final clause of this section of the statute was known as the residual clause. The Supreme Court considered its prior cases interpreting the residual clause and noted the uncertainty in its prior decisions, and found that "this Court's repeated attempts and repeated failures to craft a principled and objective standard out of the residual clause confirm its hopeless indeterminacy." Id. at 2558. The Supreme Court found that the residual clause was unconstitutionally vague, but the Supreme Court did not call into question the validity of the remainder of the ACCA. Id. at 2563. In subsequent decisions, the Supreme Court applied the reasoning of Johnson to other statutes with similar language, and in two cases found that a residual clause in a federal criminal statute was unconstitutionally vague. Sessions v. Dimaya, 138 S. Ct. 1204 (2018) (finding the residual clause of 18 U.S.C. § 16(b) was unconstitutionally vague because it provided no objective way to determine what crimes may ordinarily fit within the definition or what level of risk would be needed to commit a qualifying offense); Davis, 139 S. Ct. 2319 (finding the residual clause of § 924(c)(3)(B) unconstitutionally vague under the reasoning of Johnson). The Tenth Circuit has determined that Davis announced a new rule of constitutional law that is

4

retroactively applicable to cases on collateral review. In re Mullins, 942 F.3d 975, 979 (10th Cir. 2019).

In this case, defendant was convicted of armed bank robbery (count one), three counts of carjacking (counts three, five, and seven), and four counts of using or carrying a firearm during and in relation to a crime of violence (counts two, four, six, and eight). Dkt. # 16. Defendant argues that armed bank robbery and carjacking are no longer crimes of violence, because these offenses could only be considered crimes of violence under the residual clause. When defendant was convicted, a "crime of violence" could be any offense that:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Subsection (B) is the residual clause that was found unconstitutional in Davis, and an offense must now qualify under § 924(c)(3)(A), known as the elements clause, in order to serve as a predicate offense for a § 924(c) conviction.

In count one of the indictment, defendant was charged with armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d) and, in count two, he was charged using or carrying a firearm during and in relation to this offense. Section 2113(a) provides that "[w]hoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of" any bank shall be guilty of an offense against the United States. The maximum sentence for a conviction under § 2113(a) is 20 years. However, the statutory maximum increases to 25 years if the person committing the offense "assaults

5

any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device."
18 U.S.C. § 2113(d). The Tenth Circuit has not issued a published decision on the precise issue of whether an offense under § 2113(a) and (d) satisfies the elements clause of § 924(c)(3)(A), but there are several unpublished decisions finding that armed bank robbery is a crime of violence under the elements clause of § 924(c)(3)(A). United States v. Lucero, ___ F. App'x ___, 2021 WL 2623157 (10th Cir. June 25, 2021); United States v. Rinker, 746 F. App'x 769, 771-72 (10th Cir. Aug. 21, 2018); United States v. Hill, 745 F. App'x 77, 78-79 (10th Cir. Aug. 9, 2018); United States v. Smith, 730 F. App'x 710, 711 (10th Cir. July 6, 2018).[1] Other federal circuit courts of appeals have found that armed bank robbery is a crime of violence under § 924(c)(3)(A). Wingate v. United States, 969 F.3d 251, 264 (6th Cir. 2020); King v. United States, 965 F.3d 60, 71 (1st Cir. 2020); United States v. Smith, 957 F.3d 590, 594 (5th Cir. 2020); In re Pollard, 931 F.3d 1318 (11th Cir. 2019). The Court finds that armed bank robbery in violation of § 2113(a) and (d) remains a crime of violence under the elements clause of § 924(c), and defendant's conviction as to count two of the indictment remains valid after Davis.

Defendant was also convicted of three counts of carjacking (counts three, five, and seven) in violation of 18 U.S.C. § 2119, and he was convicted of a separate § 924(c) charge (counts four, six, and eight) as to each of the carjacking convictions. Section 2119 provides that "[w]hoever, with the intent to cause death or serious bodily harm takes a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce from the person or presence of another by force and violence or by intimidation, or attempts to do so," shall be guilty of the crime of carjacking. The Tenth Circuit has previously determined in an unpublished decision that carjacking

---

[1] Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. 32.1: 10th Cir. R. 32.1.

is crime of violence under the elements clause of § 924(c). United States v. Kundo, 743 F. App'x 201, 203 (10th Cir. July 27, 2018).[2] Every other circuit court of appeals to consider this issue has found that carjacking is a crime of violence under the elements clause of § 924(c). United States v. Felder, 993 F.3d 57 (2d Cir. 2021); Estell v. United States, 924 F.3d 1291 (8th Cir. 2019); United States v. Jackson, 918 F.3d 467 (6th Cir. 2019); United States v. Cruz-Rivera, 904 F.3d 63, (1st Cir. 2018); United States v. Evans, 848 F.3d 242 (4th Cir. 2017). The Court finds that carjacking is a crime of violence under the elements clause of § 924(c), and Davis has no effect on the validity as to defendant's convictions as to counts four, six, and eight of the indictment.

Defendant also argues that he is entitled to a reduction of his sentence based on amendments to § 924(c) under the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (First Step Act). The First Step Act amended § 924(c) to require that a prior conviction used to trigger the 25 year mandatory minimum under § 924(c)(1)(C)(i) must have become " final" and  § 924(c) charges brought in the same indictment do not trigger the mandatory minimum sentence of 25 years under § 924(c)(1)(C)(i). However, defendant did not receive authorization to pursue this issue in a second or successive § 2255. In any event, the Tenth Circuit has determined that this amendment to § 924(c) was not made retroactive to cases in which the defendant had been sentenced before enactment of the First Step Act. United States v. Hunt, 793 F. App'x 764 (10th Cir. Nov. 5, 2019).[3] Defendant's sentence became final long before the enactment of the First Step Act, and he would not be entitled to relief based on the amendment to the sentencing provision of § 924(c). The Court has reviewed

---

[2] Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. 32.1: 10th Cir. R. 32.1.

[3] Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. 32.1: 10th Cir. R. 32.1.

defendant's § 2255 motion and can discern no other claims.  The Court finds that defendant's successive § 2255 motion does not actually rely upon a new rule of constitutional law that has been made retroactive to cases on collateral review.  Plaintiff's motion to dismiss (Dkt. # 104) should be granted and defendant's successive § 2255 motion (Dkt. # 101) should be dismissed.

Pursuant to 28 U.S.C. § 2253, a defendant is required to obtain a certificate of appealability (COA) before appealing a final order in a proceeding under 28 U.S.C. § 2255.  Section 2253(c) instructs that the court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing."  A defendant can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings.  Slack v. McDaniel, 529 U.S. 473 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).  After considering the record in this case, the Court concludes that a COA should not issue because defendant has not made a substantial showing of the denial of a constitutional right.  The Court does not find that the issues raised by defendant are debatable among jurists or that the Tenth Circuit would resolve the issues differently, and defendant has not made a substantial showing of the denial of a constitutional right.

**IT IS THEREFORE ORDERED** that defendant's successive motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Dkt. # 101) is **dismissed**, and plaintiff's motion to dismiss defendant's successive § 2255 motion (Dkt. # 104) is **granted**.  A separate judgment of dismissal is entered herewith.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability as to any issue raised in defendant's § 2255 motion (Dkt. # 101).

**DATED** this 28th day of June, 2021.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE